HACKENSACK WATER COMPANY, PROSECUTOR, v. STATE BOARD OF TAXES AND ASSESSMENT, TOWNSHIP OF OVERPECK, DEFENDANTS.

Argued May 5, 1926—Decided June 15, 1926.

**Taxes and Assessments—Prosecutor Alleges State Board Refused Introduction of Evidence to Show True Value—That Assessment Had Been Based on Book Value, and Because of Refusal to Admit Evidence to Show That the Cost Had no Bearing on Value—Evidence Could be Considered in This Court Only if the Prosecutor Had Brought it by Depositions Taken in Accordance With a Rule for That Purpose—Certiorari Dismissed.**

On *certiorari.*

Before Justices BLACK and CAMPBELL.

For the prosecutor, *Wright, Vander Burgh & McCarthy.*

For the defendants, *Morrison, Lloyd & Morrison* and *Edward L. Katzenbach,* attorney-general.

PER CURIAM.

The writ of *certiorari* in this case seeks to review the taxes for the year 1925 levied by the township of Overpeck, Bergen county, New Jersey, against the Hackensack Water Company, the prosecutor, on "mains, hydrants, meters and connections"

valued at $236,200. The state board of taxes and assessment dismissed the prosecutor's appeal, affirmed the judgment of the Bergen county board of taxation and confirmed the assessment. The assessment was made by the assessor in accordance with a statement furnished by the prosecutor (*Exhibit P 1*), dated December 8th, 1924, to the assessor, fixing the total value at the figure indicated, viz., $236,200.14 for mains, hydrants, meters and services in the municipality, as of the date of October 1st, 1924. The record shows that the case made before the state board of taxes and assessment was on the appeal of the township of Weehawken, Hudson county, New Jersey. The record also shows that the testimony taken in that case was made to apply as if given in this case in view of the decision of the state board in the Weehawken case; the appeal in this case was dismissed and the assessment confirmed. The prosecutor now writes down five reasons for setting aside the judgment of the state board in the present case:

*First.* Because the prosecutor's appeal was dismissed by the state board.

*Second.* Because the state board refused to permit the prosecutor to introduce evidence to prove the true market value of the property under review.

*Third.* Because the judgment of the state board was based upon erroneous principles of law.

*Fourth.* Because it appeared that the assessment was based solely upon the book value of the property and the state board refused to allow or consider any testimony or evidence with respect to the true value of the property.

*Fifth.* Because the state board refused to admit evidence tending to show that the cost had no bearing upon the true value of the property under review. The only evidence "taken before the board" in the case is that which shows the prosecutor furnished to the assessor a statement of its property and the value thereof in the township as of October 1st, 1924, and the assessor assessed the prosecutor for that property at those values furnished by the prosecutor. The other evidence tendered, viz., "balance sheet of prosecutor as of December

31st, 1924." *Exhibit P 2.* "Condensed statement of Income Deductions for year ended December 31st, 1924." *Exhibit P 3.* This tender or offer of evidence was overruled by the state board and properly so, we think, if for no other reason than these statements tended to show the condition of the prosecutor as a whole. They do not show what part of its assets or of its income should be allocated or apportioned to the defendant township. The state board could not be expected to furnish the evidence to make such an apportionment. Even then, we do not want to be understood as holding that these exhibits would be evidential. But we do not place our decision upon that ground, because, such evidence could be considered by this court only if the prosecutor had brought it before the court by depositions taken in these proceedings under a rule granted for that purpose. This the prosecutor has not done. If so, the case and the practice would then stand in the position pointed out in the case of *Mercer County Traction Co.* v. *Mercer County Board of Taxation,* 92 *N. J. L.* 398. This disposes of all the reasons and leads to a dismissal of the writ of *certiorari,* with costs, and the affirmance of the judgment of the state board of taxes and assessment and of the assessment.